# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| ELISA ANN GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 5:20-06032-CV-RK |
| | ) |
| COMMISSIONER, SOCIAL | ) |
| SECURITY ADMINISTRATION; | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **REVERSED and REMANDED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d

549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ found Plaintiff to have the following severe impairments: status post spinal fusion at L1 to L5 with compression fracture at L3, and celiac artery occlusion with splenic infarct. The ALJ also determined Plaintiff has the following non-severe impairments: hypertension, anxiety, and depression. However, the ALJ found none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567(b), including the ability to lift and carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. The claimant can climb ramps, stairs, ladders, ropes, or scaffolds, balance, stoop, kneel, crouch and crawl occasionally. She can never work at unprotected heights but can work around moving mechanical parts and operating a motor vehicle occasionally. She can work in humidity and wetness, extreme cold and heat, in dust, odors, fumes and pulmonary irritants, and in vibration occasionally. The ALJ found Plaintiff capable to perform past relevant work, and the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform other jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff argues the RFC as to Plaintiff's physical and mental impairments is not supported by substantial evidence and the ALJ erred at step four.

Plaintiff first argues the RFC is unsupported by substantial evidence because there is insufficient medical evidence as to Plaintiff's physical functional limitations. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). The ALJ "may not simply draw his own inferences about plaintiff's functional ability from medical reports." *Id.*; *see Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) (explaining that the ALJ erroneously relied on doctors' notes that their patient "was 'doing well,' because doing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity").

2

Here, no medical opinion supports the RFC provided by the ALJ. While Defendant points to numerous parts of the record where Plaintiff is noted as doing well or improving after surgery, none of those records opine to her ability to perform work-related activities. *Hutsell*, 259 F.3d at 712. Rather, the ALJ incorrectly drew his own inferences from the medical reports in forming the RFC. *Combs*, 878 F.3d at 646. In fact, no medical evidence supports the physical limitations provided for in the RFC. The ALJ has a duty to fully develop the record on crucial issues such as this. *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005). Therefore, this case would best be further reviewed on remand with a directive for the ALJ to further develop the record including obtaining a consultive medical examination to properly make an RFC determination. *See* 20 C.F.R. § 416.919a; *see also Chatman v. Astrue*, 2007 WL 5110319 (E.D.Mo.2007) (because no medical evidence to support the RFC attributed to claimant, the ALJ has duty to order consultive examination and to fully develop the record).

On remand the record shall be more fully developed. Such development may impact the RFC, the determination of disability, and a determination at steps four and five.[1] Therefore, the Court does not find it necessary to address Plaintiff's remaining arguments.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes substantial evidence on the record as a whole does not support the ALJ's decision. IT IS THEREFORE ORDERED that the decision of the ALJ is **REVERSED and REMANDED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 22, 2021

---

[1] SSR 96-8p explains: "In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim. Therefore, the ALJ will be required to reevaluate Plaintiff's mental impairments, even if still non-severe, when formulating the RFC on remand.